UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**26-CR-20239-LEIBOWITZ/HERNANDEZ**
CASE NO. _____

18 U.S.C. § 875(c)
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

JON CHRISTOPHER ENRIQUEZ,

Defendant.

_____/

FILED BY_____*BM*_____D.C.

*Jun 11, 2026*

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Transmitting Threats Through Interstate Communications
### (18 U.S.C. § 875(c))

On or about May 27, 2026, in Miami-Dade County, in the Southern District of Florida, and

elsewhere, the defendant,

**JON CHRISTOPHER ENRIQUEZ,**

did knowingly transmit in interstate commerce any communication containing a threat to injure

the person of another, that is, M.R. and K.N., in that in a post on the social media platform X sent

through the internet, the defendant stated, "@SecRubio @StateDept Silence Yourself. Before you

start thinking that America owns Cuba and start talking trash and calling Cuba a failure, the

Criminal Court of the Armed Forces is going to begin the investigation of you as a failure to your

nation. The 2 Falcon jets were replaced by Gulfstreams. Rubio, Noem...You have been found

guilty of 18 USC Section 2384: Seditious Conspiracy. Both of you will be executed at 16:30. Best

wishes to your future endeavors. @realDonaldTrump," with the intent to make a threat, with the

knowledge that the communication would be viewed as a threat, and with reckless disregard as to

the substantial risk that others would regard the communication as a threat, in violation of Title 18, United States Code, Section 875(c).

## COUNT 2
### Transmitting Threats Through Interstate Communications
### (18 U.S.C. § 875(c))

On or about May 27, 2026, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JON CHRISTOPHER ENRIQUEZ,

did knowingly transmit in interstate commerce any communication containing a threat to injure the person of another, that is, M.R., in that in a post on the social media platform X sent through the internet, the defendant stated, "@SecRubio I guess the only way that you are going to shut your mouth is through DEATH," with the intent to make a threat, with the knowledge that the communication would be viewed as a threat, and with reckless disregard as to the substantial risk that others would regard the communication as a threat, in violation of Title 18, United States Code, Section 875(c).

## COUNT 3
### Transmitting Threats Through Interstate Communications
### (18 U.S.C. § 875(c))

On or about May 27, 2026, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JON CHRISTOPHER ENRIQUEZ,

did knowingly transmit in interstate commerce any communication containing a threat to injure the person of another, that is, M.R. and K.N., in that in a post on the social media platform X sent through the internet, the defendant stated, "Rubio AND Noem are to be executed at 16:00. Rubio Y Noem serán ejecutados a las 16:00. Adios, muchacho/a. @Telemundo atención Chola Grande!

2

Senora Presidente Mexico!" with the intent to make a threat, with the knowledge that the communication would be viewed as a threat, and with reckless disregard as to the substantial risk that others would regard the communication as a threat, in violation of Title 18, United States Code, Section 875(c).

## COUNT 4
### Transmitting Threats Through Interstate Communications
### (18 U.S.C. § 875(c))

On or about April 21, 2026, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JON CHRISTOPHER ENRIQUEZ,

did knowingly transmit in interstate commerce any communication containing a threat to injure the person of another, that is, S.P., in that in a post on the social media platform X sent through the internet, the defendant stated, "@INDOPACOM Thanks for absolutely nothing. You will die in prison for abandoning my sister and me. You can't do shit for the Indo Pacific because you can't do shit for your family. You will get shanked in the ass and get your balls cut off when you are in prison," with the intent to make a threat, with the knowledge that the communication would be viewed as a threat, and with reckless disregard as to the substantial risk that others would regard the communication as a threat, in violation of Title 18, United States Code, Section 875(c).

### FORFEITURE ALLEGATIONS

1.      The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JON CHRISTOPHER ENRIQUEZ**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 875(c), as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

3

personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

NICHOLAS Y. CARRÉ
ASSISTANT UNITED STATES ATTORNEY

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

JON CHRISTOPHER ENRIQUEZ,

_____/
Defendant.

**CASE NO. 26-CR-20239-LEIBOWITZ/HERNANDEZ**

### CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____

Number of New Defendants _____

Total Number of New Counts _____

**Court Division** (select one)

☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) __No__
   List language and/or dialect: _____

4. This case will take ___2___ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☒ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No._____

7. Has a complaint been filed in this matter? (Yes or No) __Yes__
   If yes, Judge Edwin G. Torres _____ Magistrate Case No. 26-mj-02982-Torres

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) __No__
   If yes, Judge _____ Case No._____

9. Defendant(s) in federal custody as of 05/29/2026 _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) __No__

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) __No__

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? __No__

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? __No__

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? __No__

17. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? __No__

By: _____
NICHOLAS Y. CARRÉ
Assistant United States Attorney
FL Bar No.          1022177

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: JON CHRISTOPHER ENRIQUEZ

**Case No**: _____

Counts #: 1–4

Transmitting Threat Through Interstate Communications

Title 18, United States Code, Section 875(c)

* **Max. Term of Imprisonment:** 5 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000

**\*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**